O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ALFREDO FLORES and PATRICK WONG, § § § | |
| Plaintiffs, § | |
| v. § | Civil Action No. L–06–cv–135 |
| § § | |
| ASI COMPUTER TECHNOLOGIES, INC., § § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant ASI Computer Technologies, Inc.'s ("ASI") Amended Motion to Dismiss [Dkt. No.21]. That motion to dismiss is GRANTED in part and DENIED in part, and Plaintiffs are GRANTED leave to amend their complaint on one claim.

**I. BACKGROUND**

Plaintiffs Alfredo Flores and Patrick Wong were the officers and shareholders of Dinastia, LP; Dinastia International Corp.; Dinamex Inc.; and Patel Investments, LP ("Dynastia Entities").[1] Dynastia Entities were domiciled in the United States. In addition to Dynastia Entities, Plaintiffs also owned a company organized under the laws of Mexico, Mexmal Mayorista S.A. de C.V. and its subsidiaries ("Mexmal").

---

[1] The undisputed facts are derived from ASI's Amended Motion to Dismiss, unless stated otherwise. [Dkt. No.21 at 11-12]

In March 2005, Dynastia Entities filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. *See In re Dinastia L.P.*, et al., No. 05-33650 (Bankr. S.D. Tex. Mar.10,2005) Also in March 2005, Mexmal filed a *Solicitud de Declaracion de Concurso Mercantil* ("Concurso") in Monterrey, Nuevo Leon, Mexico. A Concurso is a reorganization effort under Mexico's bankruptcy law. [Dkt. No. 21 at 12 n.8].

Prior to the bankruptcy proceeding, International Finance Corporation ("IFC") had loaned substantial funds to Mexmal. As part of the bankruptcy proceeding, a settlement agreement was entered into between IFC; MaxUSA, Inc.;the Dinastia Entities; and Mexmal. [Dkt. No. 21, Ex.6 at 2-4; Dkt. No. 14, Ex.2 ¶D]. In essence, MaxUSA agreed to act as the "purchaser" of the corporate assets and debts. When MaxUSA failed to do so, the Bankruptcy Court allowed ASI to substitute for MaxUSA. Subsequently, ASI purchased the assets of Dinastia Entities.[Dkt. No.21, Ex.10 at 1]. Three agreements resulted from this purchase: (1)the Binding Term Sheet Agreement for Resolution of Concurso Proceeding and Transfer of Equity Interests ("Binding Term Sheet Agreement"); (2) Flores's Employment Agreement with ASI; and (3) Wong's Employment Agreement with ASI.

On September 12, 2006, Plaintiffs filed this suit against ASI. They allege that during the negotiation process ASI made material misrepresentations to Plaintiffs which induced them to enter all three agreements. [Dkt. No. 14, ¶10]. They claim Bill Chen, ASI's Chief Financial Officer, "represented to Flores that if the Mexican Bankruptcy process was allowed to proceed without ASI's efforts to protect Mexmal...Flores would be personally protected from and reimbursed for any monetary liability." *Id*.¶11.

In connection with the Binding Term Sheet Agreement, Plaintiffs allege that ASI agreed to purchase and settle the debt Mexmal owed IFC, to complete the Mexican bankruptcy proceedings, and to resolve and pay off the tax liability owed by Plaintiffs in Mexico. *Id*.¶12. Plaintiffs allege that even though they transferred their interests in Mexmal to ASI, Flores remains the legal representative for Mexmal, and that both Flores and Wong have existing guarantees to pay off the Mexican debt and taxes. *Id*. Plaintiffs contend ASI has failed to perform its contractual obligations by:

> Not completing the Concurso process, not cooperating with the Concurso official, failing to pay off Mexican debtors or even make an offer of the same, failing to disclose in the Concurso proceedings IFC's assignment to ASI, failing to assume the personal guarantees and liability still held by Plaintiffs in Mexico, [and] failing to pay Hacienda for Mexican taxes owed by Mexmal...

*Id*.

Plaintiffs also allege they each entered into two-year employment contracts with ASI. *Id*.¶17. "Although plaintiffs were 'allegedly' executives for ASI[,]" Plaintiffs contend, "ASI willfully restricted plaintiffs from the ordinary performance of their duties..[and] purposefully implemented barriers keeping plaintiffs from making decisions and executing sales, and asserting leadership roles." *Id*.¶19. Plaintiffs claim ASI fired them "under the 'guise' of cause, with a false and misleading list of excuses as to why defendants [sic] were terminated from their jobs." *Id*.¶20.

## II. DISCUSSION

ASI first alleges that the Court lacks jurisdiction under Rule 12(b)(1) to address Plaintiff's claims, as they relate to the Binding Term Sheet Agreement, because these claims are unripe. ASI next contends that Plaintiffs have failed to state a claim, pursuant to Rule 12(b)(6),

upon which relief can be granted as to all of their claims. Lastly, ASI claims that under Rule 12(b)(3) the proper venue for resolution of Plaintiffs' claims lies in the Bankruptcy Court. *Id.*

**A. Rule 12(b)(1) Motion**

Defendants urge that Plaintiffs' claims should be dismissed for lack of subject–matter jurisdiction because the plaintiffs' claims are not yet ripe for review. They argue that still pending are final resolution of the Mexican bankruptcy case, acceptance of the final resolution of the bankruptcy case by the Mexican Bankruptcy Judge, an agreement with the Mexican taxing authority regarding payment of tax liabilities, and failure to comply with such agreement. Plaintiffs counter that ASI has already breached the Binding Term Sheet Agreement and Employment Agreements. Texas law is well settled that "a breach of contract claim accrues when the contract is breached." *Stine v. Stewart*, 80 S.W. 3d 586, 592 (Tex. 2002).

The parties argue such fact issues as whether Mexmal's tax debt is real or hypothetical, whether the plaintiffs have now been made individually liable for the debt, and whether ASI's conduct has now made it impossible to negotiate a settlement with tax authorities. Fact issues cannnot be resolved based on the pleadings.

Plaintiffs aver that they have suffered damages including continued obligation on personal guarantees, attorneys' fees, and reasonable and necessary costs in pursuance of this suit.[Dkt. No.14, ¶¶ 12,15,16,26]. ASI attacks the potential tax liability component, arguing that this is not yet determinable, and thus the suit is not ripe. However, this is not sufficient to prevent the claims from being ripe. *Certain Underwriters at Lloyd's v. A&D Interests, Inc.*, 197 F. Supp. 2d 741, 750 (S.D.Tex.2002) (claims are ripe despite the fact that the precise amount of damages was not yet determinable); *Sydow v. Acheson,* 81 F. Supp. 2d 758, 762-763 (S.D. Tex.

2000) (finding that even though the fee award had not yet been granted, the case was still ripe for adjudication).It cannot be said from the current pleadings that there has not yet been a breach of the Binding Term Sheet Agreement.

**B. ASI's Rule 12(b)(6) Motion**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is viewed with disfavor and rarely granted. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). No complaint, or any part of it, can be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

ASI asks the Court to dismiss Plaintiffs' claims for: (1) fraud; (2) breach of express contract; (3) breach of implied contract; (4) rescission; (5) promissory estoppel; and (6) declaratory judgment claims.

**1. Fraud**

ASI contends Plaintiffs failed to plead fraud with particularity. It also claims the merger clauses contained in the Binding Term Sheet Agreement and the Employment Agreements defeat Plaintiffs' fraud claims.

Rule 9(b) requires a plaintiff claiming fraud to allege the time, place, and contents of the misrepresentations; the identity of the person making the misrepresentation; and what that person obtained thereby. *Tuchman v. DSC Commc'n Corp.*,14 F.3d 1061, 1068(5th Cir. 1994).

Plaintiffs' fraud allegations in paragraph 22 of their amended complaint are entirely conclusory and do not remotely meet the *Tuchman* standard. While Plaintiffs purport to incorporate all of their other allegations, an examination of the entire pleading yields only one specific statement attributed to one Bill Chen. That statement seems to pertain to the Binding Term Sheet Agreement and not to either of the Employment Agreements. Moreover, it appears to apply only to Plaintiff Flores. It is impossible to determine when this statement was made, although paragraph 11 makes the unlikely assertion that it was made "on more than one occasion". It is also not clear how this statement affected the negotiations between the parties, if at all.

The fraud cause of action cannot stand as alleged. Although they have already amended their original complaint, Plaintiffs will be allowed one last opportunity to allege a valid fraud claim. They are directed to do so no later than October 15, 2007, or else advise the Court that they are no longer pursuing the claim.

ASI alleges that the merger clauses contained in the Agreements bar any claims of fraud. While *Schlumberger v. Swanson*, 959 S.W. 2d 171 (Tex. 1997), holds that a merger clause can bar a claim of fraudulent inducement, it also holds that a merger clause will not always do so. *Id.* at 181. Instead, the Court must consider the nature of the transaction and the totality of the circumstances surrounding the agreement. The sophistication of the parties, the language of the contract, and the importance of the provision to the contract as a whole are all to be considered when determining whether the merger clause should be enforced. *Prudential Ins. Co. v. Jefferson Assocs.*, 896 S.W.2d 156, 163 (Tex. 1995). In that regard, the Court notes that the merger language in the Employment Agreements is more specific than that in the Binding Term Sheet

Agreement. Because further factual development is needed, and because Plaintiffs might amend their pleadings, the Court declines to dismiss on this ground at this time.

### 2. Breach of Express Contract

ASI attacks the sufficiency of Plaintiffs' breach of contract claim relating to the Binding Term Sheet Agreement and Employment Agreements. Rule 8, FED.R.CIV.P., only requires a short and plain statement of the claim showing that the pleader is entitled to relief. The statement must simply "give the defendant fair notice of what the plaintiff's claim is and the ground upon which is rests." *Swierkiewics v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Plaintiffs have sufficiently alleged a breach of the Binding Term Sheet Agreement. Whether the evidence will support those allegations remains to be seen.

With respect to the Employment Agreements, plaintiffs state they have "fulfilled all of their obligations pursuant to the employment contracts." They further contend that although they were ASI executives, "ASI willfully restricted plaintiffs from the ordinary performance of their duties . . . by purposefully implement[ing] barriers keeping plaintiffs from making decisions and executing sales, and asserting leadership roles." Plaintiffs continue that ASI "breached the employment agreements under the 'guise' of cause, with a false and misleading list of excuses" which resulted in the termination of their jobs. As a result of this, Plaintiffs allege, they suffered damages. Plaintiffs have adequately alleged a breach of contract claim concerning the Employment Agreements.

### 3. Breach of Implied Contract

Plaintiffs vaguely allege "Defendant entered into a contract(s) implied in fact and/or implied at law. Defendant has failed to perform their [sic] obligations under such contracts and

have [sic] therefore breached the same."[Dkt. No. 14,¶21]. Plaintiffs fail to allege what implied contract exists apart from the three written agreements in question. Further, their response to the motion to dismiss makes no effort to defend that allegation.

### 4. Rescission

The right of rescission generally exists as an alternative remedy to an action for damages. Rescission is an equitable remedy that should be granted when monetary damages would be inadequate. In deciding whether to grant rescission, the Court must weigh several factors including the probability of irreparable damage in the absence of relief and the possibility of harm to the nonmoving party. *Davis v. Estridge*, 85 S.W. 3d 308, 310 (Tex. App.-Tyler 2001, pet. denied). Since rescission is more a remedy than a cause of action, the Court concludes that it is premature to consider the viability of that relief at this time, although on the present record, it is difficult to envision how rescission would be a suitable remedy for these Plaintiffs.

### 5. Promissory Estoppel

To recover under promissory estoppel, a party must prove: (1) a promise; (2) foreseeability by defendant that plaintiff would rely on the promise; (3) substantial reliance upon the promise to plaintiff's detriment; and (4) a definite finding that injustice can be avoided only by the enforcement of the promise. *Clardy Mfg. Co. v. Marine Midland Bus. Loans*, 88 F.3d 347, 360 (5th Cir. 1996)(quotation marks and citations omitted). This claim is clearly redundant, which Plaintiffs recognize by stating that they invoke it only in the event that the express contracts are unenforceable. It is unlikely that Plaintiffs can recover on this claim if they fail on their express contract claims but the Court declines to dismiss it at this time.

### 6. Declaratory Judgment

One of the core issues of this controversy concerns whether ASI breached the Binding Term Sheet Agreement. That question will be resolved within the context of Plaintiffs' breach-of-contract claim. A separate declaratory judgment relating to the Binding Term Sheet Agreement will be redundant. *See, e.g., Kougl v. Xspedius Mgmt. Co. of Dallas/Fort Worth, LLC*, No. 3:04-CV-2518-D, 2005 U.S. Dist. LEXIS 10557, at *14-15 (N.D. Tex. June 1, 2005)(dismissing claims for declaratory relief when they would be resolved in context of breach of contract actions). Accordingly, ASI's motion to dismiss this claim will be granted.

## C. ASI's Venue Claim Under Rule 12(b)(3)

ASI prays the Court dismiss Plaintiffs' cause of action, or in the alternative to transfer the case to the Bankruptcy Court. [Dkt. No. 21 at 32]. The crux of ASI's improper venue claim is that the Bankruptcy Court has the background to address Plaintiffs' claims, which ASI claims are closely related to a complicated bankruptcy case. This case does not relate to any core bankruptcy issue. It involves state law issues connected with written agreements made relative to a Mexican proceeding.

## III. CONCLUSION

For the preceding reasons, ASI's 12(b)(1) motion is DENIED. Their 12(b)(6) motion is denied as to the express contract, rescission, and promissory estoppel causes of action, and GRANTED as to the implied contract and declaratory judgment causes of action. The motion is GRANTED with respect to the fraud claims, although plaintiffs are allowed to amend their complaint in order to plead fraud with more particularity. Defendant's 12(b)(3) motion is DENIED.

DONE at Laredo, Texas, this 28th day of September, 2007.

_____
**George P. Kazen**
**United States District Judge**